[No. 22514. Department Two. October 15, 1930.]

LEO M. SCOTT, *Respondent*, v. WILMEROTH SERVICE & COLD STORAGE COMPANY, *Appellant*.[1]

*Sam R. Sumner* and *John W. Hanna,* for appellant.
*Barrows & Gemmill,* for respondent.

FULLERTON, J.—The appellant, Wilmeroth Service & Cold Storage Company, is a corporation engaged in the business of storing fruit, principally apples, for hire, and maintains an extensive storage plant at the

[1]Reported in 292 Pac. 99.

city of Wenatchee for that purpose. During the apple season of 1927, certain apple growers, among whom was the respondent in this action, stored their apples with the appellant. Among the apples so stored, were a number of boxes of extra fancy Winesap apples, "163s and larger."

In the early part of March, 1928, an apple buyer, one L. N. Small, appeared at the appellant's place of business and sought to buy some ten carloads of apples of the kind above described, at a price of $2.50 per box f. o. b. cars at the place of shipment. The appellant had at that time some three carloads of apples of the quality desired of its own, which it was willing to sell at the price offered. To make up the balance required, it communicated the offer to the respondent and others who had apples in store with it, and offered them the opportunity to sell their apples at the price the buyer agreed to pay. The respondent and a number of others accepted the offer and authorized the appellant to make a sale of their apples at the price named. The quantity obtained was sufficient to load approximately seven cars, and this quantity, the buyer agreed to take.

The appellant thereupon entered into a written contract to sell the apples to the buyer to be paid for at the following times: Two hundred dollars per carload on the execution of the contract; two hundred dollars per carload on April 1, 1928, and the balance when shipped, with interest at eight per cent on deferred payments after May 1, 1928. The contract itself is without date, but the evidence shows that it was entered into on March 6, 1928.

The buyer paid the part of the purchase price agreed to be paid on the execution of the contract, but made no further payments thereon, finally forfeiting his interest in the contract, and the sum he had paid to-

wards the purchase price. In June, 1928, the appellant loaded the apples on cars and shipped them to New York City on its own account, selling them at that place at public auction. The sale, even when there was added thereto the advance on the purchase price made by the buyer, did not net the price at which the growers agreed to sell the apples, falling short of that price in the sum of $2,146.78. The appellant accounted to the several growers for the net price received, that is, the sum remaining after deducting the costs of the shipment and the expenses attending the sale, but refused to account for the difference between that sum and the agreed sale price.

The respondent took an assignment of the claims of the other growers involved, and brought this action on his own claim and on the assigned claims to recover the difference between the price received for the apples and the price for which they contended the appellant had agreed to sell them. The issues made by the pleadings are somewhat narrow, the principal controversy being over the question whether the appellant, in contracting to sell the apples, followed the authorization given it by their owners, and whether they suffered a damage thereby. There was a trial by jury, at which the court submitted the issues of fact to them by instructions to which no exceptions were taken. The jury returned a verdict in favor of the respondent on his own claim and on the claims of his several assignors. The appeal is from the judgment entered on the verdict.

■ The appellant questioned in the court below the sufficiency of the evidence to sustain a verdict against it, and urges the question in this court. But if the evidence of the respondent is to be believed (and this was for the jury to determine), the contract of sale entered into between the appellant and the purchaser did not

comply with the terms on which the owners of the apples authorized the appellant to sell them. The sellers insisted on an immediate sale and delivery and the payment of the purchase price at the time of the delivery, and with this requirement the appellant did not comply. Its contract with the buyer fixed no time limit within which the purchaser was required to take delivery and pay for the apples, the result being that the apples were tied up indefinitely, leaving the owners without power to sell them themselves or force the contract purchaser to take them, and that they suffered a loss by reason of the circumstances, the evidence leaves no substantial doubt.

However, it is especially insisted that the evidence does not justify the amount of the recovery allowed by the jury. The jury's verdict was for the difference between the net sum the growers would have received for the apples had the contract of sale been carried into effect, and the sum they actually received for them. It is claimed that this is too large, because there is no evidence that the growers could have sold the apples at the price the contract purchaser agreed to pay for them. But the owners were not given this opportunity. When they failed to get returns from the sale at the time agreed upon, they went to the appellant and sought to sell the apples themselves, and were denied the right because the apples were covered by the contract. There is no evidence that the appellant contracted to sell them above the going market price, and no evidence that there had been any marked decrease in the going market price at the time the owners themselves sought the opportunity to sell them. The presumption is that prices of commodities remain stationary until the contrary is shown, and we cannot think that the recovery was in excess of that permissible under the evidence.

 It appears that, after the appellant had shipped the apples to New York City and sold them at public auction, it sent checks to the owners for the net proceeds of the sale, which checks the owners cashed. It is contended that this amounted to a ratification of the appellant's acts, and bars a further recovery. But such is not the rule when applied to facts such as here shown. The apples were at all times the property of the growers. They authorized their sale at a certain price. The appellant did not sell them at the price authorized, but at a lesser price. Manifestly, the owners did not, by receiving the price at which they were sold, waive their right to recover damages caused them by the breach of the agreement. The facts do not present an instance of a disputed account, where one party tenders a sum in satisfaction of the dispute and the other accepts it. The money received from the sale of the property was at all times the money of the owners of the property, and payment and acceptance of the money is not a waiver of the right to recover for the wrongful act in making the sale.

 The appellant complains of certain of the instructions of the court. But, as we have noted, no exceptions were taken to the instructions at the time they were given to the jury. The appellant made its first objection to them in its motion for a new trial, and this, under our repeated holdings, was too late.

The judgment is affirmed.

MITCHELL, C. J., HOLCOMB, and MAIN, JJ., concur.